UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| PAMELA ARVIE | CIVIL ACTION NO. 6:21-cv-04253 |
| VERSUS | JUDGE HICKS |
| MAUREEN KARTH, ET AL. | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Following a *sua sponte* review of the court's subject-matter jurisdiction, and in light of the plaintiff's recent amendment of her complaint, this Court recommends, for the following reasons, that this matter should be remanded to the 15th Judicial District Court, Lafayette Parish, Louisiana.

## Background

This lawsuit began when the plaintiff, Pamela Arvie, filed a petition in the 15th Judicial District Court, Lafayette Parish, Louisiana. Defendants Maureen Karth and Big West Building Services, LLC removed the suit to this forum, alleging that the court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000. After reviewing the pleadings, this Court found that the parties are diverse in citizenship but also found that the removing defendants had not established that the amount in controversy exceeds the jurisdictional threshold. This Court ordered the defendants

to file a brief setting forth facts establishing that the amount in controversy exceeds the jurisdictional minimum. (Rec. Doc. 14).

The defendants then requested and were granted additional time to respond to the briefing order. (Rec. Docs. 17, 18). Before the deadline for the defendants' briefing expired, the plaintiff filed an amended complaint, in which the plaintiff "stipulate[d] that the amount in controversy does not exceed the sum or value of $75,000.00, exclusive of interest and cost." (Rec. Doc. 21 at 4).

## Law and Analysis

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[1] Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[2] A federal court has "diversity jurisdiction" when the amount-in-controversy exceeds $75,000 exclusive of interest and costs, and the citizenship of the plaintiff is diverse from that of all the defendants.[3] A removing party bears the burden of establishing diversity jurisdiction.[4] "Any ambiguities are construed

---

[1] See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994)).

[2] 28 U.S.C. § 1447(c).

[3] See 28 U.S.C. § 1332(a).

[4] *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

against removal and in favor of remand to state court."[5] Indeed, any doubts as to the propriety of removal should be construed strictly in favor of remand.[6]

The amount in controversy is the sum claimed by the plaintiff in his complaint if the claim was apparently made in good faith.[7] To justify remand, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."[8] Although the amount in controversy was not apparent from the face of the original petition, the plaintiff expressly alleged in her amended complaint that the amount in controversy was less than the amount necessary for federal court jurisdiction.

When a lawsuit is removed from state court to federal court, subject-matter jurisdiction is evaluated on the basis of the claims set forth in the state court complaint as it existed at the time of removal,[9] and post-removal events generally do not deprive the court of jurisdiction.[10] When a plaintiff "after removal, by

---

[5] *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d at 397; *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d at 723; *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

[6] *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d at 723.

[7] *St. Paul Reinsurance v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992).

[8] *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[9] *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995); *Brown v. Southwestern Bell Telephone Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990).

[10] *Louisiana v. American Nat. Property Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014).

stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."[11] However, information set forth in post-removal documents may be considered if the basis for jurisdiction was ambiguous at the time of removal and the information in the post-removal documentation assists the court in determining the amount in controversy at the time of removal.[12]

In this case, the plaintiff's amended complaint does not suggest that a change related to jurisdiction occurred after removal nor was the court's jurisdiction established before the amended complaint was filed.  To the contrary, this Court was unable to determine, from the face of the original petition and the information supplied in the defendants' removal notice, whether the amount-in-controversy requirement was satisfied in this case, and the amended complaint sheds light on the jurisdictional facts as they existed at the time of removal.  Therefore, based on the stipulation set forth in the plaintiff's amended complaint, it is now clear that the amount in controversy in this lawsuit is insufficient for federal court jurisdiction. Because the court lacks subject-matter jurisdiction, this lawsuit should be remanded.

---

[11]    *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. at 292; *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

[12]    *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d at 883.

Although the defendants were recently granted additional time to submit their briefing on the amount in controversy and subject-matter jurisdiction (Rec. Doc. 18), the amendment of the plaintiff's complaint rendered any further jurisdictional briefing futile.

## Conclusion

The amount in controversy in this lawsuit is less than the jurisdictional minimum. Consequently, the court lacks subject-matter jurisdiction. Accordingly, IT IS RECOMMENDED that this matter should be remanded to the 15th Judicial District Court, Lafayette Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

Signed at Lafayette, Louisiana, this 18th day of February 2022.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE